OPINION
Defendant-Appellant James L. Hoffer was indicted for attempted murder with a firearm specification. A hearing on the issue of Hoffer's competency was held on February 5, 1998. On February 11, 1998, the trial judge issued a decision finding Hoffer competent to stand trial. After the first day of trial, Hoffer pled no contest to the attempted murder charge with the gun specification. Hoffer now appeals the competency determination.
Hoffer was indicted on August 14, 1997, on one count of attempted murder of his wife, Marla K. Thomas. A firearm specification was attached to the charge. At his arraignment on August 19, 1997, Hoffer entered a plea of not guilty and not guilty by reason of insanity. On September 5, 1997, the trial court ordered Hoffer to be examined by forensic psychologist Dr. Mark Humbert, based on his plea and because Hoffer claimed he suffered from amnesia and was unable to recall any of the events which occurred prior to, during, and after the attempted murder of Thomas. At a hearing on October 10, 1997, the parties stipulated to Dr. Humbert's report and the State requested a second evaluation. The trial court sustained this request and ordered Dr. Thomas Martin to examine Hoffer. A third evaluation was performed by Dr. Phyllis Keuhnl-Walters upon the trial court's sustaining Hoffer's motion for a third evaluation.
Just prior to the February 5, 1998, competency hearing Hoffer filed a suggestion of incompetence. At the hearing, the trial court heard testimony from Dr. Martin, Dr. Humbert and Dr. Keuhnl-Walters, as well as testimony from Dr. Susan Perry-Dyer on behalf of Hoffer.
Dr. Martin testified that he conducted three separate interviews with Hoffer. During the interviews Hoffer remained focused, was cooperative, and was oriented to time, place, and person. Dr. Martin administered a series of psychological tests on Hoffer. Dr. Martin explained that Hoffer had a Verbal IQ of 99 which was reflective of the average range of intelligence for adults Hoffer's age. The tests also revealed that Hoffer's visual memory was intact and that Hoffer suffered from no signs of mental illness or mental retardation, either at the time of the offense or at the time of the evaluation. Dr. Martin testified that Hoffer was able to understand the criminal charges pending against him, although he could not provide any details of what occurred after 11:30 a.m. on August 5, 1997. Dr. Martin noted that as he is not a neurologist nor a neuropsychologist he could not diagnose Hoffer with psychogenic amnesia, but he did believe that Hoffer was being truthful about his memory loss. Dr. Martin stated that although this memory loss could "handicap" Hoffer, he still would be able to work with his attorneys to prepare and develop his own defense. Based on his findings, Dr. Martin concluded that Hoffer was competent to stand trial.
Dr. Humbert also testified that Hoffer was competent to stand trial. During their interview Hoffer was oriented to time, place, and person, and Hoffer was cooperative, aware and alert. Dr. Humbert concluded that Hoffer did not suffer from mental illness at the time of the evaluation, and he had the capacity for reasoned choice. Dr. Humbert administered the Georgia Court Competency Test, which tested Hoffer's understanding of court proceedings and his ability to assist in his defense. Hoffer scored a 92 out of 100, with 70 being the threshold score for competency. Additionally, Dr. Humbert addressed Hoffer's lack of recall as possible dissociative amnesia, a psychological process in which a person blocks painful or traumatic events from his mind. Despite the fact that Hoffer was not able to recollect the events immediately before, during, and after the shooting, Dr. Humbert evaluated Hoffer to be competent to stand trial.
Dr. Phyllis Keuhnl-Walters also testified regarding her evaluation of Hoffer. Dr. Keuhnl-Walters found Hoffer to be a coherent communicator with no impairment of thought or mood. She found that Hoffer did not suffer from any blatant symptoms of mental disease or defect. Dr. Keuhnl-Walters did categorize Hoffer's symptoms as amnesia, but she did not diagnose the kind of amnesia because she was not a neurologist nor a neuropsychologist. Although amnesia is one factor to be evaluated in determining Hoffer's competency relating to his ability to assist in his own defense, Dr. Walters found that Hoffer did understand the nature of the proceedings against him, and Hoffer could be of assistance in his own defense. As a result of her evaluation, Dr. Walters also concluded that Hoffer was competent to stand trial.
On behalf of Hoffer, clinical psychologist Dr. Susan Perry-Dyer testified on the issue of competency. Dr. Dyer did not interview Hoffer, but instead based her evaluation on the three psychologists' reports and the police records and witness statements surrounding the events. Dr. Dyer stated that she had "grave concerns" regarding Hoffer's competency because of his inability to testify to the events as a result of his memory loss, and because of his inability to counsel with his attorneys. She believed that both deficiencies would affect plea bargaining and the possibility of providing evidence of a lesser included offense.
Based on the testimony and the reports of the three evaluating psychologists, the trial court found Hoffer competent to stand trial in its decision of February 11, 1998. The trial court noted:
 Defendant clearly understands the nature and objectives of the proceedings and, in fact, quite capably confers with and "assists" counsel, except for relating his recollection of the events on August 5, 1997.
* * *
 Nevertheless, this Court finds that Defendant meets all the factual and legal tests for competency despite his amnesia of August 5, 1997.
Decision of the trial court, p. 2-3, Doc. 32.
At trial on May 11, 1998, the victim, Marla Thomas, and the emergency room physician, Dr. Thomas Proctor, testified. Hoffer entered a plea of no contest to the attempted murder charge with the gun specification on the morning of May 12, 1998. Pertinent facts elicited at trial are as follows:
Hoffer married Thomas on December 16, 1995. There were marital difficulties, and Thomas moved out of the marital residence three times during the course of the marriage.
On August 5, 1997 at 5:30 a.m., Thomas began her work day at General Motors' Truck and Bus Plant. She was scheduled to work a full shift until 4:00 p.m., but her work crew had reached their truck production quota early for the day and Thomas was allowed to leave at 1:45 p.m. Thomas clocked out, gathered her belongings, and exited the plant with Tanya Sizemore and Cindy Bush. Upon reaching her car, Thomas unlocked and pulled open the driver's side door. She heard Hoffer as he came around the back of the car parked beside hers, stating "I'm going to kill you, fucking bitch." Hoffer grabbed Thomas's neck, shoved her inside her car, and began choking her. Thomas started to scream; people gathered around the area. Hoffer shouted to Thomas "I'm going to kill you now" and he grabbed a gun from the waistband of his jeans. As Thomas saw the gun, she placed her hands up to her face and bowed her head down. Hoffer shot the gun and the bullet went through Marla's left hand and into the left side of her face at her hairline. Thomas passed out and was taken to Kettering Medical Center. Hoffer then turned the gun on himself, shooting himself in the forehead. As a result of the shooting, Thomas is blind in her left eye.
Hoffer was sentenced to seven years on the attempted murder charge, with an additional three year term for the firearm specification to be served consecutive to and prior to the attempted murder term. Hoffer filed his notice of appeal on June 5, 1998, on the issue of his competency to stand trial. Hoffer now timely appeals the February 11, 1998, trial court's determination of competency.
 I. The court erred in finding defendant competent to stand trial in violation of his constitutional rights.
In his sole assignment of error Hoffer argues that his constitutional rights were violated because his amnesia rendered him incompetent, thus the trial court erred when it found him competent to stand trial. Because he could not remember what happened or who was at the scene, Hoffer claims he was unable to subpoena witnesses on his behalf, he could not control his own defense, he could not testify as to his state of mind at the time of the offense, and he could not work with his attorneys to plan an effective cross-examination. For the following reasons, we overrule Hoffer's sole assignment of error.
The United States Supreme Court has repeatedly held that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process rights to a fair trial."Drope v. Missouri (1975), 420 U.S. 162, 172; see, also, Cooper v.Oklahoma (1996), 517 U.S. 348; Medina v. California (1992),505 U.S. 437; and Pate v. Robinson (1966), 383 U.S. 375. The issue of competency in Ohio is governed by R.C. §§ 2945.37, 2945.371, and2945.38. Under R.C. § 2945.37(B) and (E), if an issue of competency is raised prior to trial, the trial court must conduct a hearing at which time evidence may be submitted by the defendant and the state. Section 2945.37(G) of the Revised Code codifies the standard of competency, which states:
 A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.
See, also, Dusky v. United States (1960), 362 U.S. 402.
Furthermore, the Ohio Supreme Court has determined that psychogenic amnesia does not alone render a defendant incompetent.State v. Brooks (1986), 25 Ohio St.3d 144, 150-151. See, also,State v. Pettis (Nov. 14, 1990), Miami App. No. 89 CA 21, unreported; State v. Himes (Sept. 28, 1990), Lucas App. No. L-89-278, unreported. In Brooks, the Court found that many jurisdictions outside of Ohio had rejected the theory that a defendant can assist in his own defense only if he can remember the circumstances surrounding the crime with which he is charged.Id. at 151. Based on this case law, the Court held that a defendant's inability to recall events of the crime alone would not deny that defendant "either the effective assistance of counsel or the opportunity to present a defense," thus amnesia alone does not render a defendant incompetent to stand trial. Id. (Citation omitted.)
Finally, a competency determination will not be disturbed on appeal if there exists "some reliable, credible evidence supporting the trial court's conclusion that [the defendant] understood the nature and objective of the proceedings against him." State v. Stauter (July 17, 1998), Greene App. No. 97 CA 72, unreported, citing State v. Williams (1986), 23 Ohio St.3d 16, 19. This Court has also held that "[i]t has been held that a psychiatrist's written report and corroborative testimony was sufficient evidence to support the trial court's finding of competency." Stauter, supra. (Citations omitted.)
In the instant case, the trial court found Hoffer competent based on the reports of the three forensic psychologists and their corroborative testimony, all of whom concluded that Hoffer was competent because he was not mentally ill, he was aware of the proceedings against him, and he was able and willing to assist his attorneys in preparing his own defense. This determination is consistent with R.C. § 2945.37(G). At the competency hearing, Hoffer's sole evidence rebutting the three psychologists' evaluations was Dr. Perry-Dyer, who never had the opportunity to interview and evaluate Hoffer. All of Hoffer's competency arguments stem from his inability to recall the events surrounding the shooting, but Hoffer argues that his situation is inapposite to those in Brooks, supra, and in Pettis, supra.
We do not agree. In both cases, the defendants suffered from memory loss surrounding the commission of their respective offenses of violence. In both cases, the defendants were capable of understanding the nature and objectives of their proceedings, and they were determined able to assist in their own defenses. Hoffer's situation is the same, as evidence in the record exists to support the trial court's finding that he did have a clear understanding of the nature and objectives of the proceedings, and he was able to confer with his attorneys to develop strategy and a defense. Thus, under Brooks, supra, without other evidence to the contrary, the trial court did not err in determining Hoffer competent. Upon this finding of competency, we also reject Hoffer's request for a reasonable period of time to accurately diagnose and treat Hoffer to restore him to "competency." As such, the trial court's determination of competency was based on reliable, credible evidence, and thus Hoffer's due process rights were not violated.
Hoffer also briefly argues that the trial court's determination violates his equal protection rights. Hoffer claims that disparate treatment exists between a person suffering from amnesia, such as himself, who is found competent to stand trial, and a person who suffers from "other mental disorders and defects," who would be found incompetent.
The United States Supreme Court has held that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall `deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike." City ofCleburne, Texas v. Cleburne Living Center, Inc. (1985),473 U.S. 432, 439, citing Plyler v. Doe (1982), 457 U.S. 202, 216. Here, Hoffer has not produced any evidence that amnesia is a mental disorder or defect, thus there is no evidence of a violation of his equal protection rights. As such, this constitutional argument fails.
Hoffer's sole assignment of error is overruled.
The judgment of the trial court is affirmed.